JS-6

IN THE DISTRICT COURT OF THE UNITED STATES

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin Maldonado and Julio Lainez**,** Individually and on behalf of all others similarly situated, | **Case No. 2:16-cv-08838-CAS(RAOx)** |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| | Hon. Christina Snyder |
| v. | |
| | [~~PROPOSED~~] |
| Heavy Weight Transport, Inc., a Georgia Corporation, | **ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | |

The Court, having considered the moton of Plaintiffs Martin Maldonado and Julio Lainez (collectively, "Plaintiffs") unopposed Motion for Final Approval of Class Action Settlement between Plaintiffs and Defendant Heavy Weight Transport, Inc. ("Defendant"),[1] and Plaintiffs' Motion for Attorneys' Fees and Costs, and good cause appearing therefore, hereby **GRANTS** final approval of the settlement as provided by

_____

[1] Plaintiffs and Defendant are collectively referred to as the "Parties."

the Class Action Settlement Agreement (the "Settlement")[2] as set forth below and **ORDERS AND MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:**

1. The Court has personal jurisdiction over all Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement (including all Exhibits thereto).

2. The Settlement, including the definitions applicable to the Settlement, is incorporated by reference into this Order. All terms used in this Order, unless otherwise defined, shall have the same meanings given those terms in the Settlement.

3. The Court finds that the Settlement was reached after arm's-length negotiations between the Parties, including an all-day mediation session; the proposed Settlement was concluded only after counsel for the Parties had conducted adequate discovery and investigation; and the Settlement of this action, as embodied in the terms of the Settlement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Parties and the Class Members.

4. For the purpose of settlement, the Court finally certifies the following "Class":

> All California residents who are or have been employed as truck drivers by Heavy Weight Transport, Inc. in California during the "Class Period" from November 29, 2012 through August 15, 2017.

5. The above Class is certified for settlement purposes only, and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it by or on behalf of the members of the Class.

---

[2] The Settlement is in the Court's record as Dkt. No. 26-1.

6.     The Court appoints Plaintiffs Martin Maldonado and Julio Lainez as Class Representatives.

7.     The Court appoints Craig J. Ackermann and Sam Vahedi of Ackermann & Tilajef, P.C., and Julian Hammond of HammonLaw, P.C. as counsel for the Class.

8.     The Court previously appointed CPT Group, Inc. as Settlement Administrator.

9.     The Court finds that:

    a.     the above-described Class contains members so numerous that the joinder of all of them is impracticable;

    b.     there are questions of law or fact common to the Class;

    c.     the claims of the Plaintiffs are typical of the claims of the Class that Plaintiffs seek to represent; and

    d.     the Plaintiffs and their Attorneys have fairly and adequately protected the interests of the Class.

10.     The Parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

11.     The Notice and the notice methodology implemented pursuant to the Settlement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this action, their right to object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules Civil Procedure, the United States Constitutions (including the Due Process Clauses), and any other applicable law. No Class Members filed written objections to the Settlement as part of this notice process, and no Class Members filed a written statement of intention to appear at the Final Approval Hearing.

12.     The terms of the Settlement and this Order and Final Judgment are binding on Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action as provided by the Settlement. No Class Members timely excluded themselves from the Settlement Class.

13.     In accordance with the Settlement, as of the Effective Date (as defined in the Settlement),  Plaintiffs and all Settlement Class Members are deemed to have conclusively released Defendant  and all affiliated and related parties and entities (including all former and present parents, subsidiaries, brother/sister corporations, and affiliates, predecessors, owners, members, successors, shareholders, divisions, and each of these parties' and entities' respective past and present officers, directors, employees, partners, members, shareholders, insurers, agents, attorneys, and any other successors, assigns, or legal representatives, from all federal, state and local law claims, rights, demands, liabilities, and causes of action, whether known or unknown, arising from, or related to, the allegations that were made or reasonably could have been made based on the facts alleged in the operative Complaint in this Action, for the period from November 29, 2012 through August 15, 2017.

14.     The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement and all exhibits attached thereto which (i) are consistent with this Final Judgment, and (ii) do not limit the rights of Class Members under the Settlement.

15.     The Court grants a Class Representative Enhancement award of $7,500 to each Plaintiff, for a total allocation of $15,000. This request is justified in light of the fact that, among other things, Plaintiffs spent numerous hours conferring with

Plaintiffs' Attorneys, reviewing documents, gathering evidence, entered into a general release, that Plaintiffs' efforts resulted in a favorable result for the Class, and that Defendant did not oppose the request. The Class Representative Enhancement will be paid to Plaintiffs in accordance with the terms of the Settlement.

16. The Court grants Plaintiffs' Attorneys' request for an award of Plaintiffs' Attorneys' Fees in the amount of $113,333.33 and costs in the amount of $7,500.00. The request attorneys' fees is justified in light of, among other things, the following facts: (1) Plaintiffs' Attorneys vigorously prosecuted this case and achieved a favorable result for the Class; (2) the legal issues were complex; (3) Defendant did not oppose the request; and (4) such other bases as offered by Plaintiffs' Attorneys. The award is granted, and the attorneys' fees and costs shall be paid by Defendant in accordance with the terms of the Settlement.

17. The $8,000 designated for payment to CPT Group, Inc., the Settlement Administrator, is fair and reasonable. The Court grants final approval of, and orders the Parties to make the payment to the Settlement Administrator in accordance with the Settlement.

18. The Court approves the allocation of $5,000 of the Settlement as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), and further approves of payment of $3,750 to the Labor and Workforce Development Agency for its portion of the PAGA penalties pursuant to Cal. Labor Code sections 2698-2699.

19. The Court finds that Defendant has duly complied with all requirements under CAFA.

20. In the event that a Settlement check cannot be delivered to a Class Member, or a Class Member does not cash a Settlement checks after the events and deadlines set forth in Section III.C.3 of the Settlement, then the Settlement Administrator shall deposit each such participating Class Member's Settlement

Payment into the California Department of Industrial Relations' unclaimed wages fund on the Settlement Class Member's behalf.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated:  December 11, 2017

_Christina A. Snyder_

THE HONORABLE CHRISTINA SNYDER
UNITED STATES DISTRICT COURT JUDGE